UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

KONG SHUN NI,                          :

                 Plaintiff,            :      11 Civ. 6483 (KBF)(HBP)

     -against-                         :      OPINION
                                              AND ORDER
TIAN YU INC., doing business as        :
"Aki Sushi" and ZHAO YU CHEN,
jointly and severally,                 :

                 Defendants.           :

---------------------------------X


          PITMAN, United States Magistrate Judge:


I.   Introduction

          By motion dated September 19, 2012, plaintiff moves for

an Order pursuant to Rule 15 of the Federal Rules of Civil

Procedure granting leave to file an amended complaint (Docket

Item 20).  For the reasons set forth below, the motion is denied.

II.  Facts

          This is an action brought under the Fair Labor Stan-

dards Act, 29 U.S.C. §§ 201 et seq., in which plaintiff, a former

worker at defendants' restaurant, alleges that he was not paid

the minimum wage and did not received "time and a half" for his

overtime work.  Plaintiff also alleges parallel claims under the

New York Labor Law.  Discovery is closed and the deadline for the filing or summary judgment motions has also passed (Order of the Honorable Barbara S. Jones, United States District Judge, dated August 6, 2012 (Docket Item 17).  It appears that the case is (or should be) ready for trial.

Plaintiff's proposed amendment would add three new plaintiffs -- Lai Yoong Low, Bin Xie and Ji Hui Zhang -- who allege to have claims similar to Ni's.  The proposed amended complaint would also substitute Qiu Ju Chen ("Qiu") for Zhao Yu Chen ("Zhao") as a defendant.  The motion papers do not explain why plaintiff seeks to substitute Qiu for Zhao.

Plaintiff filed his motion to amend on September 19, 2012.  Approximately one week after the present motion was filed and before defendants had responded, plaintiff's attorney filed an FLSA action on behalf of Lai Yoong Low, Bin Xie and Ji Hui Zhang against Tian Yu Inc., doing business as "Aki Sushi Restaurant, Inc.," and Qiu (Docket No. 11 Civ. 6483) (the "6483 Action").  The 6483 Action contains the same claims plaintiff seeks to add here, and the 6483 Action was accepted by Judge Jones as being related to this action.  Both actions have also now been transferred to the Honorable Katherine B. Forrest, United States District Judge, as related cases.

III. <u>Analysis</u>

   Although motions to amend are usually viewed with a great deal of liberality, granting the motion here would serve no valid purpose and has the potential for delaying the resolution of the claims of the original parties.

   The principal argument offered by plaintiff is that an amendment to the complaint would obviate the need for Lowe, Xie and Zhang to file their own action.  They have, however, already paid the filing fee and commenced their own action.  Whatever cost saving may have formerly been possible in this regard is no longer possible.  There is no reason to believe that it will be cheaper or more efficient for Lowe, Xie and Zhang to pursue their claims as part of this action instead of in a separate action.

   In addition, permitting the amendment will delay the resolution of Ni's claims.  Ni's claims are currently ready for trial.  Permitting the amendment will require that the new defendant be served, file an answer or Rule 12 motion and conduct discovery of Ni and the new plaintiffs.  Although there is authority that delay alone, in the absence of prejudice, is an insufficient basis on which to deny a motion to amend, <u>Rachman Bag Co. v. Liberty Mut. Ins. Co.</u>, 46 F.3d 230, 234-35 (2d Cir. 1995); <u>Middle Atl. Until. Co. v. S.M.W. Dev. Corp.</u>, 392 F.2d 380,

3

384 (2d Cir. 1968), nevertheless, when the motion to amend is
made at as late a stage as the motion here, some explanation for
the delay is necessary. Reisner v. Gen. Motors Corp., 511 F.
Supp. 1167, 1172 (S.D.N.Y. 1981) (Goettel, D.J.), aff'd, 671 F.2d
91 (2d Cir. 1982) (delay in seeking to amend pleading requires
some explanation); see also Grochowski v. Phoenix Const., 318
F.3d 80, 86 (2d Cir. 2003) (district court did not abuse discre-
tion in denying leave to amend under Rule 16 when movant had
delayed over a year, discovery was complete and a summary judg-
ment motion was pending); Presbyterian Church of Sudan v. Talis-
man Energy, Inc., 453 F. Supp. 2d 633, 680 (S.D.N.Y. 2006),
aff'd, 582 F.3d 244 (2d Cir. 2009) (very difficult to show good
cause to amend pleading when movant waited until summary judgment
stage to request leave to amend). Plaintiff here offers no
explanation for his delay in seeking to amend the complaint.

Because (1) the proposed new plaintiffs have already
commenced their own action, (2) it does not appear that granting
the amendment will promote efficiency, (3) granting the amendment
will delay the resolution of Ni's claims and (4) plaintiff's
offer no explanation for the delay, the motion is denied.[1]

---

[1]If Judge Forrest determines that it will be more efficient
to try Ni's claims simultaneously with the claims of Lowe, Xie
and Zhang, I note that that goal can still be accomplished
(continued...)

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion to amend the complaint is denied.  This Order is, of course, without prejudice to the claims asserted in Docket No. 11 Civ. 6483.

Dated:  New York, New York
        November 13, 2012

                                    SO ORDERED

                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

Brandon D. Sherr, Esq.
Law Office of Justin A. Zeller, P.C.
Suite 408
277 Broadway
New York, New York  10007

John Troy, Esq,
John Troy & Associates
Suite 119
41-25 Kissena Boulevard
Flushing, New York  11355

Benjamin B. Xue, Esq.
Brian J. Shenker, Esq.
Xue & Associates, P.C.
Suite 1009
401 Broadway
New York, New York  10013

_____

[1](...continued)
through an Order of consolidating the two actions pursuant to Fed.R.Civ.P. 42.

5